UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
NACHMAN MOSKOWITZ individually and
on behalf of all others similarly situated

                              Plaintiff,

   -against-

NATIONWIDE CREDIT, INC.

                              Defendant.

===================================

## CLASS ACTION COMPLAINT

### *I.   Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Nachman Moskowitz brings this action to secure redress from unlawful collection practices engaged in by Defendant Nationwide Credit, Inc.. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.   Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Atlanta, Georgia.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.   Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.   Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about February 23, 2017, Nationwide Credit, Inc. sent a collection letter to the Plaintiff Nachman Moskowitz. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

14. The said letter identified the amount owing and then stated: "The Account Balance as of the date of this letter is shown above" words that imply that the balance may increase at a later stage.

15. In other words, the said language implies that **as of the date of the said letter**, the Plaintiff owes $11,156.02, and that the balance may change as interest or other charges may be added to the balance owed in the future.

16. Yet the said letter provided a column with an itemized accounting of the debt as required by New York state statute, which informed the consumer that no interest or fees have been added post charge-off.

17. The fact that no interest was accruing as of the date of the said letter, and that no charges or fees had accrued, the language of "The Account Balance as of the date of this letter is shown above" only serves to confuse the least sophisticated consumer as to whether interest, fees or other charges may be added to the balance in the future. See *Chuway v. National Action Financial Services*, 362 F.3d 944 (7th Cir.2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

18. In fact, subsequent to the February 23, 2017 letter, the Plaintiff received a letter dated April 10, 2017, wherein the balance demanded by Defendant was identical to the February 23, 2017 letter's balance, and the account balance did not change

contrary to the implication made by the Defendant in the February 23, 2017 letter.

19. While it is typical for collection letters to state an "amount due" or a "current balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date. See *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 ("The language in the collection letter "as of the date of this letter" suggests that the debt is in a dynamic state — "as of the date" suggests that on a different date, the amount of the debt may be different — and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be "more later." Defendant receives money that it might not have received but for the language "as of the date of this letter." The debtor has thus been misled or deceived.")

20. If the Defendant had intended to add interest, fees or other charges, then it is bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

21. The sole purpose of the Defendant's statement of "The Account Balance as of the date of this letter is shown above" was to coerce the Plaintiff into paying immediately.

22. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who

may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

23. Collection notices that state only the "Account Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

24. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

25. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. 15 U.S.C. § 1692g of the FDCPA provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt.

27. The Defendant failed to provide the consumer with the actual amount of the debt in its initial communication with the Plaintiff. The said letter is a standardized

form letter.[1]

28.     Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

29.     Defendant's February 23, 2017 letter is in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

30.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32.     The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33.     The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34.     The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[1] *Beauchamp v. Financial Recovery Services, Inc.*, 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011) (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

35. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V. Class Allegations

39. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. The identities of all class members are readily ascertainable from the records of Nationwide Credit, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

41. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Nationwide Credit, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

46. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.   Cause of Action

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the

     within complaint up to and including the date of the filing of this complaint;

  b) the collection letter was sent to a consumer seeking payment of a personal debt;

  c) the collection letter was not returned by the postal service as undelivered;

  d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

### *VII.* *Violations of the Fair Debt Collection Practices Act*

52. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

53. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

54. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.* *Jury Demand*

55. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

56.   Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

    2) Attorney fees, litigation expenses and costs of suit;

    3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

    4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
February 22, 2018

        /s/ David Palace_____
        **Law Offices of David Palace** (DP 3855)
        383 Kingston Ave. #113
        Brooklyn, New York 11213
        Telephone: 347-651-1077
        Facsimile: 347-464-0012

**PERSONAL AND CONFIDENTIAL**
PO BOX 26315
LEHIGH VALLEY PA 18002-6315      00306

002/C13//02/23/2017//NY

66369-24A
Nachman Moskowitz
Redacted

ACCOUNT NUMBER: XXXXXXXXXXXX0838
NCI ID: Redacted 65
ACCOUNT BALANCE: $11,156.02
AMOUNT ENCLOSED:

24-hour account access: myaccount.ncirm.com
o Change of address: Print New Address on Back

REMIT TO:

NATIONWIDE CREDIT, INC.
P.O. BOX 26314
LEHIGH VALLEY PA 18002-6314

Redacted 65 2

*** Please See Reverse Side of This Letter for Important Consumer Information ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window

---



# Nationwide Credit, Inc.
PO BOX 26314
LEHIGH VALLEY PA 18002-6314
Monday-Thursday 9AM to 10PM ET, Friday 9AM to 7PM ET
1-877-658-8518
myaccount.ncirm.com

Current Creditor: CHASE BANK USA, N.A.
Account Number: XXXXXXXXXXXX0838
Account Balance: $11,156.02
Date: 02/23/2017

ACCREDITED BUSINESS — Nationwide Credit, Inc. has a Better Business Bureau Rating of A+



myaccount.ncirm.com

➢ 24-hour Access

➢ Make or Reschedule Payments

➢ Change your Contact Information

➢ Tell Us How You Would Like Us to Contact You

➢ And More...

Your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. for collection. The Account Balance as of the date of this letter is shown above. The following options are available to help you resolve this account:

| Secure Online Portal: myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!<br><br>Login using your NCI ID: Redacted 65 and<br>Password: Last four digits of your SSN | Pay by Mail: Send your check or money order to<br>NATIONWIDE CREDIT, INC.<br>P.O. BOX 26314, LEHIGH VALLEY, PA 18002-6314<br>Reference your NCI ID on your check or money order<br><br>Pay by Phone: Toll free 1-877-658-8518 |
|---|---|

The State of New York Department of Financial Services requires that NCI provide you the following information regarding your debt:
Original Creditor: CHASE BANK USA, N.A.
Total Amount of the Debt Due as of Charge-Off: $11,156.02
Total Amount of Interest Accrued Since Charge-Off: $0.00
Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: $0.00
Total Amount of Payments Made on the Debt Since Charge-Off: $0.00

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This demand for payment does not eliminate your right to dispute this debt or inquire for more information about this debt, as described in the previous paragraphs.

We look forward to assisting you in resolving this account.

MAURICE RICO
Nationwide Credit, Inc.

**This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.**
The State of New York Department of Financial Services requires that NCI provide you with the following disclosure(s):

**NEW YORK STATE:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(1) the use or threat of violence;
(2) the use of obscene or profane language; and
(3) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last 60 days.

00000649

C13
063014/082614

PERSONAL AND CONFIDENTIAL
PO Box 10354
Des Moines, IA 50306-0354

00284

| ACCOUNT NUMBER: | XXXXXXXXXXXX0838 |
|---|---|
| NCI ID: | Redacted 65 |
| ACCOUNT BALANCE: | $11,156.02 |
| AMOUNT ENCLOSED: | |

24-hour account access: **https://www.myaccount.ncirm.com**

o Change of address: Print New Address on Back

REMIT TO:

NATIONWIDE CREDIT, INC.
PO Box 14581
Des Moines IA 50306-3581

002/C11/089/04/10/2017//NY

67067-11A
Nachman Moskowitz
Redacted

Redacted 65 2

*** Please See Reverse Side of This Letter for Important Consumer Information ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window



**Nationwide Credit, Inc.**
PO Box 14581
Des Moines, IA 50306-3581
Monday-Thursday 9AM to 10PM ET, Friday 9AM to 7PM ET
1-877-658-8518

 ACCREDITED BUSINESS — Nationwide Credit, Inc. has a Better Business Bureau Rating of A+

| NCI ID: Redacted 65 |
|---|
| Current Creditor: CHASE BANK USA, N.A. |
| Account Number: XXXXXXXXXXXX0838 |
| Account Balance: $11,156.02 |
| Settlement Offer: $4,462.40 |
| Date: 04/10/2017 |


myaccount.ncirm.com



➤ 24-hour Access

➤ Make or Reschedule a Payment

➤ Arrange a Settlement

➤ Change Your Contact Information

➤ And More...

Dear NACHMAN MOSKOWITZ

Nationwide Credit, Inc. sent you a letter, more than thirty (30) days ago, advising you that your past due account was placed with us for collection. The Account Balance as of the date of this letter is shown above.

You can settle this account according to the payment arrangement shown in the table below:

| Payment No. | Payment Recieved by NCI | Payment Amount | Payment No. | Payment Recieved by NCI | Payment Amount |
|---|---|---|---|---|---|
| 1 | 04/24/2017 | $2,232.00 | | | |
| 2 | 05/24/2017 | $1,115.20 | | | |
| 3 | 06/26/2017 | $1,115.20 | | | |

This offer is contingent upon NCI receiving the payment pursuant to the payment schedule outlined in this letter.

**Secure Online Portal:** myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!

Login using your NCI ID: Redacted 65 and
Password: Last four digits of your SSN

**Pay by Mail:** Send a check or money order to Nationwide Credit, Inc. PO Box 14581 Des Moines, IA 50306-3581
Reference your NCI ID on your check or money order

**Pay by Phone:** Toll free 1-877-658-8518

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

Sincerely,

MAURICE RICO
Nationwide Credit, Inc.

This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.

C11
052012/092514